**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------------------------------------X
In re:                                           :
                                                 :
RONALD E. MASSIE, AND                            :   CHAPTER 7
                                                 :
MARGARET M. MASSIE,                              :   CASE No. 14-50579 (JAM)
                                                 :
Debtors.                                         :
-------------------------------------------------------------X
RUTH LEBLANC-JONES,                              :
                                                 :
Plaintiff.                                       :   ADV. PROC. No. 16-05008 (JAM)
                                                 :
V                                                :   RE: ECF No. 37
                                                 :
RONALD E. MASSIE, AND                            :
                                                 :
MARGARET M. MASSIE,                              :
                                                 :
Defendants.                                      :
-------------------------------------------------------------X
```

**MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT**

**I.   Introduction**

In this adversary proceeding, Ruth Leblanc-Jones (the "Plaintiff"), seeks to have a judgment debt owed to her by Ronald Massie and Margaret Massie (the "Debtors"), declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). The Plaintiff is moving for summary judgment in reliance upon the allegedly preclusive effect of a prior judgment entered in the Connecticut Superior Court on December 20, 2013. For the reasons discussed below, the Plaintiff's motion for summary judgment is **GRANTED**.

**II.  Background**

On April 18, 2014, the Debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code, which was converted to a Chapter 7 case on October 27, 2016. Prior to

conversion, the Plaintiff initiated this adversary proceeding against the Debtors, seeking a declaration that the Debtors' judgment debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A)[1] (the "Amended Complaint," ECF No. 2 of Adv. Proc. No. 16-05008)[2]. On April 12, 2016, the Debtors filed an Answer to the Amended Complaint and asserted two affirmative defenses in the Answer (ECF No. 7). On June 13, 2017, the Plaintiff filed a Motion for Summary Judgment (the "Motion for Summary Judgment," ECF No. 37). Various responses and replies were filed and reviewed by the Court. This matter is now ripe for adjudication.

### a. State Court Default Judgment

On October 11, 2007, the Plaintiff commenced a collection and foreclosure action against the Debtors and Phoneworks, Inc., which is a corporation owned by Debtor Ronald Massie. The action was commenced in the Connecticut Superior Court for the Judicial District of Stamford/Norwalk (the "State Court"), captioned *Ruth Leblanc-Jones v. Ronald E. Massie et al.*, which was assigned docket number FST–CV07–5005837–S (the "Superior Court Action"). On March 13, 2008, the Plaintiff filed an amended complaint in the Superior Court Action pleading in six counts: mortgage foreclosure (Count One); unjust enrichment (Count Two); breach of contract (Count Three); conversion (Count Four); fraud (Count Five); and violation of the Connecticut Unfair Trade Practices Act (Count Six). *See* D. Conn. L. Civ. R. 56(a)(1) Statement ("Local Rule 56(a)(1) Statement"), Ex. A, ECF No. 38. Five of the six counts were asserted against the Debtors.

---

[1] Unless otherwise specified, all future statutory references are to Title 11 of the United States Code.

[2] Unless otherwise specified, all future docket references are to the Adversary Proceeding, Adv. Proc. No. 16-05008.

Between 2008 and 2013, a flurry of activity[3] took place in the Superior Court Action, including the filing of a motion to dismiss the case, the entry of default against the Debtors, and the filing of a motion to set aside default.  After a default was entered against the Debtors, an evidentiary hearing on damages was held on August 15, 2013.  During the evidentiary hearing, Debtor Ronald Massie appeared and urged the State Court to set aside default.  At the hearing, the State Court instructed Debtor Ronald Massie that in order to set aside default, *inter alia*, the Debtors must obtain legal counsel and pay $1,000 to reimburse the Plaintiff for attorney's fees and costs.  The Debtors complied with the instructions, the motion to set aside default was granted, and a new date had been set for trial.  Prior to the scheduled trial date, however, counsel for the Debtors withdrew his appearance.  Subsequently, the Debtors failed to appear at the trial management conference held on October 11, 2013, and for trial on November 6, 2013.  As a result, a default was again entered against the Debtors.

On December 20, 2013, the State Court issued a memorandum of decision setting forth the applicable facts and legal basis for entering a judgment for, *inter alia*, fraud against the Debtors (The "Judgment," Local Rule 56(a)(1) Statement, Ex. D, ECF No. 38).  According to the Judgment, a corporate defendant executed a promissory note in favor of the Plaintiff.  To secure payment of the amounts due under the note, the Debtors executed a guaranty of the note and granted the Plaintiff a mortgage on their residence.  With respect to the Count Five fraud claim, the State Court concluded that:

> Plaintiff alleges that she was fraudulently induced to give $750,000 to [the Debtors], and that the money has not been repaid despite demands.  [The Debtors] prevailed upon plaintiff to provide funds prior to full execution of documents, with assurances that fully-executed documents would be forthcoming.  Paragraph 29 [of the

---

[3] The Debtors also filed a motion for protective order, a motion to strike, an answer and special defenses, an amended answer, and an application to discharge the Plaintiff's lis pendens.  *See* Motion for Summary Judgment at 6, ECF No. 37.

3

Case 16-05008    Doc 46    Filed 06/29/18    Entered 06/29/18 16:25:13    Desc Main
              Document      Page 4 of 8


> complaint] states that [the Debtors] "actively induced the plaintiff to provide $750,000 from her line of credit to the [Debtors] without ever intending to honor [their obligations]." Implicitly if not explicitly, plaintiff relied on those representations. That suffices for purposes of establishing fraud with respect to the defaulted [Debtors].
>
> . . . .
>
> Judgment is hereby entered in favor of plaintiff on her fifth count [of fraud], in the amount of $750,000 plus interest in the amount of $298,344.91 (see footnote 13), plus punitive damages in the amount of $100 for a total of $1,048,444.91[.]

Judgment at 12, 21, Local Rule 56(a)(1) Statement, Ex. D, ECF No. 38.

### III.  The Motion for Summary Judgment

The Plaintiff moves for summary judgment asserting that no genuine issue of material fact exists regarding whether a judgment debt owed by the Debtors to the Plaintiff is nondischargeable pursuant to § 523(a)(2)(A). The Plaintiff argues that pursuant to the doctrine of collateral estoppel, the Debtors are precluded from relitigating the issue of whether they committed fraud. In response, the Debtors argue that collateral estoppel does not apply to the Judgment because they could not afford adequate legal counsel, and because they had to attend to other business related matters, which limited their ability to participate in the underlying state court litigation.

In their Answer to the Amended Complaint, the Debtors also raise two affirmative defenses. First, the Debtors assert that the Plaintiff is barred from commencing this Adversary Proceeding because in the Debtors' Schedules filed with this Court, the Plaintiff's claim against the Debtors was listed as disputed, and yet the Plaintiff did not file a proof of claim[4] pursuant to

---

[4] Prior to conversion to Chapter 7, the deadline for filing a proof of claim was set for August 18, 2014. *See* Notice of Chapter 11 Bankruptcy Case, ECF No. 6 of Case No. 14-50579. Upon conversion, the deadline for filing a proof of claim was reset to February 28, 2017. *See* Notice of Chapter 7 Bankruptcy Case, ECF No. 221 of Case No. 14-50579.

§ 1111(a)[5] and Fed. R. Bankr. P. 3003(c)(2)[6]. The Debtors' second affirmative defense asserts that the Amended Complaint fails to state a claim upon which relief can be granted.

## IV. Analysis

Summary judgment is not appropriate unless there is "no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). To survive summary judgment, the nonmovant must merely show that "reasonable minds could differ as to the import of the evidence . . . in the record." *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 (2d Cir. 1997) (internal quotation marks omitted).

Under the Full Faith and Credit Doctrine, as codified by 28 U.S.C. § 1738, unless an exception applies, a federal court must construe the preclusive effect of a prior state court judgment using the law of the state that issued the judgment. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *In re Swirsky*, 372 B.R. 551, 562 (Bankr. D. Conn. 2006). Therefore, this Court must apply Connecticut law in determining the extent to which preclusive effect must be given to the Judgment entered in the Superior Court Action. *See*

---

[5] Section 1111(a) states that:

> (a) A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(a)(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated.

11 U.S.C. § 1111(a).

[6] Rule 3003(c)(2) of the Federal Rules of Bankruptcy Procedure states that:

> (2) *Who must file* [a proof of claim]
>
> Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

Fed. R. Bankr. P. 3003(c)(2).

*also Grogan v. Garner*, 498 U.S. 279, 285 n.11 (1991) (collateral estoppel applies in discharge exception proceedings pursuant to § 523(a)).

Collateral estoppel is a doctrine that "prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim." *Lighthouse Landings, Inc. v. Conn. Light & Power Co.*, 300 Conn. 325, 343 (2011). An issue decided against a party in a prior proceeding may not be relitigated if: (1) it was "fully and fairly litigated in the first action"; (2) it was "actually decided"; and (3) the decision was "necessary to the judgment." *Id*. at 344 (quoting *Lyon v. Jones*, 291 Conn. 384, 406 (2009)). Under Connecticut law[7], a default judgment is a decision on the merits and has the same preclusive effect as any other judgment decided on its merits, so long as the party who is precluded had an "adequate opportunity to litigate the matter in the earlier proceeding." *State v. Ellis*, 197 Conn. 436, 464 n.22 (1985). "[C]ourts are more likely to afford collateral estoppel effect to default judgments where the defendant has participated in the case to some degree, and less likely to do so where the defendant never appeared or filed any paper." *In re Roberti*, 183 B.R. 991, 1000 (Bankr. D. Conn. 1995) (discussing case law giving preclusive effect to state court default judgments); *see also In re Snyder*, 2017 WL 1839122, at *6–7 (Bankr. D. Conn. May 5, 2017).

Here, the Debtors were represented by counsel, at least for some period of time. The Debtors' counsel appeared and filed a number of pleadings in the Superior Court Action, including an amended answer, a motion to strike, an application to discharge the Plaintiff's lis pendens, a motion to dismiss the case, and a motion to set aside default. The Debtors

---

[7] In their response to the Motion for Summary Judgment, the Debtors argue that the issue of whether collateral estoppel applies to a default judgment is not clear under Connecticut law. *See* Debtors' Response to Motion for Summary Judgment at 6, ECF No. 41. The Debtors point to *Hill v. State Employees Ret. Comm'n*, 83 Conn. App. 599, 612 (Conn. App. 2004) and *Cohen v. Roll-A-Cover, LLC*, 2007 WL 2200506, *8 (Conn. Super. Ct. July 6, 2007). However, none of these cases involves a default judgment.

6

substantially participated in the defense of the Superior Court Action up until the eve of trial, where the Judgment was entered in favor of the Plaintiff. Under these circumstances, the Debtors had an adequate opportunity to litigate their claims in the Superior Court Action.

Furthermore, the issue of fraud was actually and necessarily decided in the Superior Court Action. To succeed on a claim for fraud under Connecticut law, a plaintiff must prove the following elements: (i) a false representation made as to a statement of fact; (ii) the statement was untrue and known by a defendant to be untrue; (iii) the statement was made to induce the plaintiff to act; and (iv) the plaintiff acted on the false representation to its detriment. *See Billington v. Billington*, 220 Conn. 212 (1991). The State Court considered the Debtors' position on this issue, and also had the benefit of having conducted a number of hearings to conclude there was a valid claim of fraud against the Debtors. The underlying basis for the Judgment is that the Debtors fraudulently induced the Plaintiff to loan $750,000 to the Debtors, and that the Plaintiff relied on those representations to her detriment.

The elements of fraud under Connecticut law are essentially the same as the elements of nondischargeability under § 523(a)(2)(A). *See In re Thompson*, 511 B.R. 20, 27 (Bankr. D. Conn. 2014) (discussing case law). In order to establish the nondischargeability of a debt under § 523(a)(2)(A), a plaintiff must move that: (i) a debtor made the representation; (ii) at the time the debtor knew it was false; (iii) the debtor made it with the intention and purpose of deceiving a creditor; (iv) the creditor relied on such representation; and (v) the creditor sustained the alleged loss as the proximate cause of the representation. *See* 11 U.S.C. § 523(a)(2)(A). Because the Judgment was entered based on the findings that satisfy the elements of nondischargeability under § 523(a)(2)(A), the doctrine of collateral estoppel applies to the Judgment.

Turning to the Debtor's affirmative defenses, the Amended Complaint plausibly alleges that the Superior Court Action resulted in a judgment in favor of the Plaintiff. Furthermore, a proof of claim is not a prerequisite for commencing an action for nondischargeability of a debt under § 523(a)(2). Pursuant to Fed. R. Bankr. P. 4007, a creditor holding a § 523(a)(2) debt must timely file a complaint seeking nondischargeability, not a proof of claim. Here, there is no dispute that the Amended Complaint was timely filed.

For those reasons, the State Court Judgment in the amount of $1,048,444.91 is nondischargeable under § 523(a)(2)(A). A separate judgment shall enter in this Adversary Proceeding consistent with this memorandum of decision.

Dated at Bridgeport, Connecticut this 29th day of June, 2018.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut